(125 So. 332)

**JONES v. STATE.** (7 Div. 506.)

Court of Appeals of Alabama. June 29, 1929.

Rehearing Denied Oct. 8, 1929. Reversed on Mandate Jan. 7, 1930.

Riddle & Riddle, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ██ This appellant was jointly indicted with three other men, charged with having transported whisky in quantities of 5 gallons or more. The judgment entry recites that demurrers to the indictment were overruled. No demurrers appear in the record; this question is therefore not presented.

██ The evidence in this case is without conflict or dispute, none having been offered by the accused. Upon the trial it was shown that the arresting officers blocked the car in which the defendant and the three other men were traveling and captured 11 gallons, or more, of whisky, some of which had been taken from the car after it had slowed down and stopped in an effort to do away with or conceal the whisky. State witness Shaddix testified that one Gunn, who was also indicted, was dragging the whisky from the car and that Paul Jones, this appellant, who was riding in the back seat of the car, was pushing it out to him.

The statute under which this indictment was preferred makes it a felony for any person, firm, corporation, or association, within this state, to transport, in quantities of 5 gallons or more, any of the liquors or beverages the sale, possession, or transportation of which was prohibited by law in Alabama, at the time of the passage and approval of the act in question. Acts 1927, pp. 704, 705. Whisky is a liquor or beverage contemplated by and included in the provisions of said act. Therefore the offense is complete, when the evidence, under the required measure of proof, shows that the person charged did in this state transport in an automobile, as here, 11 or more gallons of liquor, or, if the person so charged, aided, abetted, or assisted another in so doing. The law is that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, must be indicted, tried, and, if convicted, punished as a principal. Section 3196, Code 1923.

Under the evidence in this case a jury question was presented, thus rendering inapt the affirmative charges requested by appellant.

██ If, as contended by appellant, certain excerpts of the court's oral charge were erroneous, the accused had no right to complain, as the portions of said charge in question were highly favorable to him and authorized the jury to return a verdict, if they so found, for a misdemeanor. Under the undisputed evidence in this case, it being shown without dispute or conflict that 5 or more gallons of whisky was being transported, there was no room for such finding by the jury, and the oral charge in this connection might properly be termed abstract. But, as stated, no prejudicial error to the substantial rights of defendant can be applied in this instance, and we hold that the exceptions reserved were without merit.

The record proper appears regular, and, as no reversible error is apparent in any of the rulings of the court complained of, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. ▮ Insistence is made that the court committed reversible error in the following excerpt from the oral charge, to wit:

"Was he in the car while whisky was being transported with a knowledge of the fact that there was more than five gallons of whisky in the car. If he was in the car, and the car was moving, and he had knowledge of the fact that there was more than five gallons of whisky in the car, then he would be a party to the transportation of the whisky. He is connected with the transportation of the whisky if he rides in the car with the knowledge of the fact that there is five gallons or more of whisky in the car."

We are of the opinion that, as an abstract proposition of law, this part of the charge was error, and should not be allowed to stand; but in this case it cannot effect a reversal, for the reason that the evidence for the state, without conflict, discloses an active participation in the transportation of the liquor by the defendant, which fact is not denied by the defendant. In fact, he offers no testimony at all, and therefore, if the state had requested it in writing, the court could have given the general affirmative charge.

That being the case, the part of the oral charge above quoted is abstract, and cannot be made the basis for a reversal in this case.

PER CURIAM. Reversed and remanded, on authority of Jones v. State, 220 Ala. 260, 125 So. 384.